UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

    -against-

WEILL CORNELL MEDICAL COLLEGE
OF CORNELL UNIVERSITY; JANE DOE,

               Defendants.

16-CV-3531 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, United States District Judge:

        John Doe and Weill Cornell Medical College ("Weill Cornell") submit this dispute regarding an annotation Weill Cornell proposes to make to Doe's transcript and permanent record. Plaintiff argues that Weill Cornell should be enjoined from making that annotation prior to the conclusion of this litigation because it would violate New York Education Law Article 129-B and this Court's May 20, 2016 injunction. (Pl.'s May 25, 2016 Letter, at 4–5.) Weill Cornell's proposed annotation, "Sanctioned for Code of Conduct Violation," violates neither.

        Article 129-B requires educational institutions to place a notation on a student's transcript when the student is "suspended" or "expelled" after a "finding of responsibility for a code of conduct violation," when that violation relates to a "crime[] of violence, including, but not limited to sexual violence." N.Y. Educ. Law § 6444(6). Article 129-B does not require a transcript annotation here, where John Doe was neither suspended nor expelled. Moreover, Weill Cornell's process did not establish that John Doe's actions would constitute a "crime" of "sexual violence" as defined by the "federal Clery Act established in 20 U.S.C. § 1092(f)(1)(F)(i)(I)–(VIII)." See N.Y. Educ. Law § 6444(6). However, Article 129-B does not prohibit educational institutions from imposing transcript notations in the exercise of their discretion. Indeed, recent

guidance from the New York State Education Department specifically observes that educational institutions "may (but are not required to) place notations" on a student's transcript when the institution deems the student's actions to violate its code of conduct. *Compliance with Education Law Article 129-B*, NEW YORK STATE EDUCATION DEP'T 35, http://www.highered.nysed.gov/ocue/documents/Article129-BGuidance.pdf (last visited June 7, 2016).

Similarly, the proposed annotation does not violate this Court's May 20, 2016 preliminary injunction. At the preliminary injunction hearing, this Court concluded that record evidence relating to Weill Cornell's Title IX investigation, coupled with the Appeals Committee's last-minute attempt to suspend John Doe's graduation, suggested that he was denied an "adjudication/disciplinary process that adheres to legal and policy requirements of due process," which is guaranteed by Cornell University Policy 6.4 and its analogue at Weill Cornell Medical College. (See Transcript of May 20, 2016 Preliminary Injunction Hearing ("PI Hearing"), at 34.) This Court did not address the effect of a transcript or permanent record annotation at that hearing, as John Doe only requested "emergency relief" from the Appeals Committee's decision to halt his graduation, not the lesser sanctions imposed by Weill Cornell's Review Panel. (Pl.'s Temporary Restraining Order and Preliminary Injunction Memorandum, ECF No. 5, at 3.)

To the extent John Doe seeks a new and distinct preliminary injunction, the application is denied. As discussed at the preliminary injunction hearing, John Doe may prevail on the merits if he can show that Weill Cornell applied its disciplinary process to him in a discriminatory fashion that either departed from Cornell's policies and practices or discriminated against him based upon his gender or race.[1] (See PI Hearing at 13, 36–37.) This Court notes that this showing may be supported by Weill Cornell's submissions in this application, which

---

[1] Plaintiff advised this Court at the May 20 hearing that he intends to add a Title VI claim.

concede: (1) that Weill Cornell Medical College has never previously placed such an annotation on a student's transcript, and indeed, has never previously investigated a similar disciplinary infraction; and (2) that Cornell University actually "maintains a practice" of <u>not</u> annotating student transcripts unless a disciplinary proceeding results in suspension, expulsion, or withdrawal. (Weill Cornell's June 3, 2016 Letter in Support of Transcript Annotation.) But those are questions for the merits, not a preliminary injunction. Here, John Doe's application is denied because the proposed sanction would merely state that John Doe was "[s]anctioned for [a] Code of Conduct Violation." The defamatory content of that statement is so diluted that it fails to establish "irreparable injury," which is required for a preliminary injunction. <u>See</u> <u>Benihana, Inc. v. Benihana of Tokyo</u>, 784 F.3d 887, 895 (2d Cir. 2015).

      Having resolved the pending dispute regarding preliminary injunctive relief, this Court advises the parties that they are no longer permitted to e-mail letter applications to Chambers. All applications should be filed on the docket and should identify Plaintiff and the Complainant by their pseudonyms, in compliance with Judge Preska's prior order. (ECF No. 12.) Additionally, this Court intends to docket all prior letter applications submitted in this action and supporting exhibits—other than Weill Cornell's confidential Title IX investigative report—and vacate the docket's status as "party access only." If the parties intend for other submissions to remain under seal, they shall identify such submissions by name and date and justify the need for sealing by June 17, 2016. Any future motions to seal a party's submissions should be filed on ECF and comply with Section V(a) of this Court's individual practices.

Dated: June 8, 2016  
New York, New York

SO ORDERED:

_____  
WILLIAM H. PAULEY III  
U.S.D.J.